BOARD OF SUP'RS OF WILKINSON COUNTY v. ASH et al.*

(Division A. March 1, 1926. Suggestion of Error Overruled April 26, 1926.)

[107 So. 763. No. 25449.]

SCHOOLS AND SCHOOL DISTRICTS. *Remedy for refusal of board of supervisors to levy tax for support of consolidated school on petition is appeal to circuit court, and mandatory injunction for levy of tax will not lie.*

The remedy for a refusal of a board of supervisors to levy a tax for the support of a consolidated school on petition therefor is an appeal to the circuit court, and a mandatory injunction directing the levy of the tax will not lie.

---

*Corpus Juris-Cyc. References: Schools and School Districts, 35 Cyc., p. 1008, n. 63.

APPEAL from chancery court of Wilkinson county.

HON. R. W. CUTRER, Chancellor.

Suit by John L. Ash and others against the board of supervisors of Wilkinson county for a mandatory injunction. From a decree making final a preliminary mandatory injunction, defendant appeals. Reversed and dismissed.

*D. C. Bramlette,* for appellant.

I. *The temporary mandatory injunction should not have been granted.* Appellees are given a good and exclusive remedy under the law, either by direct appeal from the final order of the board of supervisors rejecting their petition; or, if the case was so urgent and circumstances so important, then by mandamus proceedings in a court of law. Sections 60 and 61, Hemingway's Code. By the last two plain, positive, mandatory provisions of the statute, the appellees were given the right to appeal from the final order of the board of supervisors to the circuit court; this right they did not assert; this method they ignored. Instead of following the course allowed them by the statute law, they immediately fly into the chancery court, arm themselves with a mandatory injunction, *the strongest weapon known to our law,* and flash it into the face of the board of supervisors. This they cannot do. *Anderson* v. *Ingersoll,* 62 Miss. 73.

If appellees' case is urgent and the facts warrant immediate action, as alleged in the bill of complaint, their remedy is by mandamus. Section 2533, Hemingway's Code. It is only in the most urgent cases, and cases where plain, adequate and speedy remedy is not allowed by the ordinary course of law, that mandamus proceedings should be instituted. *McHenry* v. *State,* 91 Miss. 562; *State* v. *Pigott,* 97 Miss. 599. In cases where the board of supervisors has discretion, mandamus will not lie. See *Robinson* v. *Itawamba County,* 105 Miss. 90, 62 So. 3.

II.  *This bill for a mandatory injunction constitutes,
and is, a collateral attack on a final, solemn order and
judgment of the board of supervisors.*  The board of su-
pervisors had full and complete jurisdiction over this
petition.  The final orders or judgment of a board of
supervisors, or any other court, cannot be attacked col-
laterally where the board or court had proper jurisdic-
tion, except for fraud or collusion, which was not charged
or attempted to be charged in the case at bar; and the
only remedy an aggrieved party has is that allowed them
by the law; namely, direct appeal.  See *Hinton* v. *Per-
ry County,* 84 Miss. 536; *Dye et al.* v. *Mayor et al.,* 119
Miss. 359, 80 So. 761; *Liddell* v. *Noxapater,* 129 Miss.
513, 92 So. 671; *Borrum* v. *Purdy Road Dist.,* 131 Miss.
778, 95 So. 677; *Morgan et al.* v. *Wood. Tax Collector et
al.,* 141 Miss. — 106 So. 435.

Appellants being a court of competent jurisdiction
their judgment rejecting this petition in the case at bar,
a final judgment, cannot be attacked in a collateral pro-
ceedings such as the one instituted by appellees in this
case.  *Root* v. *McFerrin,* 37 Miss. 17; *Scott* v. *Porter,*
44 Miss. 364; *Harper* v. *Hill,* 35 Miss. 63; *Pollock* v. *Buie,*
43 Miss. 140; *Cannon* v. *Cooper,* 39 Miss. 784; *Cason* v.
*Cason,* 31 Miss. 578; *Weir* v. *Mohaghan,* 67 Miss. 434;
*Ames* v. *Williamson,* 72 Miss. 760; *Gillespie,* v. *Hammer-
stein,* 72 Miss. 838; *Sweatman* v. *Dean,* 86 Miss. 641.

III.  *The motion to dissolve the injunction should have
been sustained.*  Appellees had a full, adequate, com-
plete *exclusive* remedy at law.  The bill is totally with-
out equity on its face.

*Ackland H. Jones* for appellees.

It is the duty of the board of supervisors to make a
levy for taxes to support a consolidated school, when
a petition therefor has been duly presented.  See opin-
ion of Hon. Ross A. Collins, Attorney-General, by Earl
N. Floyd, Assistant Attorney-General, in Biennial Re-

port 1917-1919, pp. 228 and 231; Hon. Frank Roberson, Attorney-General, by Fred Lotteshos, Assistant Attorney-General, Biennial Report, 1919-1921, p. 256; Hon. Frank Roberson, Attorney-General, by Wm. Hemingway, Assistant Attorney-General, Biennial Report, 1921-1923, p. 40 and by Hon. H. Cassedy Holden, Assistant, p. 63.

Under the statutes there is no discretion left in the board when a petition signed by a majority of the qualified electors is filed. Even in a case where bonds are to be issued on the property of the district, and the entire taxable property burdened for a term of years to provide buildings and the like, no discretion is left when the petition contains the signatures of a majority of the qualified electors. *Price* v. *Sims,* 116 Miss. 687, 77 So. 649.

There being no discretion in the board, it being mandatory for it to grant the petition and make the levy, a refusal to act can and will be corrected by the court, and the recalcitrant officers will be compelled to do what they should do in the first place. This could be done, as is argued by appellant, by mandamus, the remedy at law, or as was done here, by mandatory injunction, the remedy in equity. Time was of the utmost importance, and in equity only could that time be shortened and proper relief be had. See Judge TAFT's opinion in *Ann Arbor Case,* 54 Fed. 730, approved in *Lennon* v. *Ry.,* 22 U. S. Appeals, 561.

In Mississippi the statutes make no distinction in respect to the several kinds of injunctions. Mandatory injunction, however, should not be granted without a hearing unless the complainant's right to relief is clear and certain, and there can be no reasonable doubt of its propriety. *Gulf Coast, etc.,* v. *Bowers,* 80 Miss. 570; *Pearman* v. *Wiggins,* 103 Miss. 4, 60 So. 1; *Montgomery* v. *Hollingsworth,* 90 So. 79.

Taking up the argument of appellant *anent* "collateral attack," it should suffice to cite his own authorities. The order of the board rejecting the petition was a nul-

lity, and can be attacked at any time. They admit that they are subject to mandamus, the common-law remedy; but object to appearing in a court of equity. Having admitted the due creation of this district, they make no answer excusing their wilful disregard of their plain duty, but set up a man of straw, a supposed Glenwild District, with no appearance from any one interested in that district, with no request from any one concerned in it, and say that is justification.

Argued orally by *D. C. Bramlette,* for appellant, and *R. S. Stewart,* for appellees.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree making final a preliminary mandatory injunction directing the appellants to levy a tax to support a consolidated public school.

The school board of Wilkinson county created a consolidated school district, designated as Glenwild consolidated school district, and a tax for the support thereof was ordered by the board of supervisors. The collection of this tax was enjoined at the suit of several persons affected thereby, but, on appeal to this court, the decree of the court below was reversed and the cause remanded. *Morgan v. Wood,* 106 So. 435, 141 Miss.—. After the creation of the Glenwild district, the school board created another district, designated as the Williams Winans Institute consolidated school district, and included therein a large part of the territory composing the Glenwild school district. A petition containing the required number of signatures was filed with the board of supervisors requesting the levy of a tax for the support of the Williams Winans Institute consolidated school district. The board declined to levy this tax, and the injunction here in question was sued out.

This injunction should not have been granted. The appellees' remedy for the refusal of the board of supervisors to levy the tax was by direct appeal to the circuit

court from the order of the board of supervisors declining to make the levy, which remedy is plain, adequate, and complete. The impropriety of granting the preliminary mandatory injunction here in question is apparent when it is remembered that, had it been obeyed by the board, the case would thereby have been, in effect, ended without its ever having been tried on the merits.

In reaching this conclusion, we have left out of view the fact that, if this tax is levied, and the one in the Glenwild district is collected, those persons in the territory which is included in each of the districts will be taxed for the support of both schools.

*Reversed and dismissed.*