FINKBINE LUMBER CO. *v.* BATSON, SHERIFF AND TAX COLLECTOR.[*]

(Division B. Oct. 22, 1928.)

[118 So. 443. No. 27344.]

*Corpus Juris-Cyc References: Schools and School Districts, 35Cyc, p. 1008, n. 66.

*V. B. Parker,* for appellant.

610

*Broadus & Broadus,* for appellee.

612

Argued orally by *U. B. Parker,* for appellant.

ETHRIDGE, P. J. The appellant, Finkbine Lumber Company, filed a bill in the chancery court of Stone county to enjoin the sheriff and tax collector from collecting taxes against the real and personal property of the company in the Magnolia consolidated school district in said county for the years 1926 and 1927, setting forth in the bill the description of the property and the assessment thereof, and alleging:

"All of which land was and is assessed on the assessment rolls of said county, now in the hands of the defend-

ant together, so that the lands in the various consolidated school districts in said county are assessed on one and the same page, and the valuation of said land included in the total valuations on such pages, making the said assessment absolutely void under the law.''

And it alleges that the said assessment of its said land and personal property, as well as all the other land and personal property in said district is absolutely void; but, notwithstanding this fact, the assessment rolls for said year have been turned over to the sheriff and tax collector, the defendant herein, and that said defendant has demanded that complainant pay the taxes on said land and personal property, including the thirty-five mills of special levy made for school purposes in said district, and, unless restrained from so doing, the said sheriff and tax collector will advertise and sell complainant's land and personal property for such taxes; that complainant offered to pay such taxes as were found to be due by it on said property, and prayed for a decree declaring the special levy of thirty-five mills on taxable property belonging to the complainant in the said Magnolia consolidated school district to be void and of no force and effect, and declaring the assessment of all the real and personal property of the complainant in said district to be void, and the said special levy to be void in so far as it applied to the special school tax.

The bill was answered, and proof taken on motion to dissolve the injunction so granted in behalf of the complainant. As shown on the assessment roll of the county, the assessment of the school tax in each of the several consolidated school districts was assessed to the owner of the land in the column ''Name of Owner,'' the description of the land by section, township, and range in the column ''Description of Land or Division of Section,'' the value of the property in the column ''Grand Total Valuation,'' and under the heading ''School and Road Districts'' was written the name of the school district

in which the property lay, and, if not in a school district, the column was left blank. On the personal roll, the personal property owned by the appellant was assessed under the heading or title of a precinct, by name.

The contention of the appellant is that this does not constitute a separate assessment of the property; that there should have been an entirely separate book, or a separate portion of the county assessment roll, land or personal, where the assessment of the property for school district purposes would appear entirely separate from the assessment page showing the assessment for state and county purposes. And it is contended that section 104, chapter 283, Laws of 1924, providing for a separate assessment of property for school district purposes, requires it to be placed on a separate roll, or on a separate and distinct part of the assessment roll of the county, physically separated from the part of the roll showing the state and county taxes; and the case of *Morgan et al.* v. *Wood, Tax Collector,* 140 Miss. 137, 106 So. 435, is cited as authority for this contention. And it is further contended that the chancellor erred in dissolving the injunction, and granting a judgment in favor of the county.

We do not think the above-cited case is authority for the proposition contended for. In that case there had been no indication or marking of the regular assessment rolls, so as to show that the property was assessed for the purposes of a school district; the levy of taxes for school purposes was not placed on any roll, but was to be applied to a previous assessment.

The words "separate assessment" do not necessarily import a separate book for separate assessment rolls, or a separate part of the county assessment rolls. If the assessment rolls are so marked as to indicate the assessment for school purposes, so that the taxpayer, in passing upon the assessment when he is called upon to appear and raise objection thereto, may be advised by the assess-

ment roll with what he is assessed, we see no particular reason for having lands assessed for taxes in two separate places. We see no reason why the method by which the taxes so assessed is not sufficient to fully advise the taxpayer of what he is called upon to pay, and the liability of the property therefor.

On the rolls before us the taxpayer is distinctly advised that the property is assessed for the general state and county taxes, and for the consolidated school district tax, and the valuation of the land for both purposes is the same. It is not necessary to have different valuations on property. Indeed, it would be improper to value land at one price for one assessment, and at another price for another assessment. The column ''Valuation'' indicates merely the value of the land. The assessment roll shows a separate assessment, under the heading ''Valuation,'' for state and county purposes, and for school district purposes, and this is all that is required of the assessment roll.

It is complained that the taxpayer is merely assessed at a precinct, named thereon, on the personal roll, and that some of the territory embraced in the said precinct constitutes lands in the consolidated school district. Of course, the assessment on the personal roll ''at a precinct'' at which the taxpayer is assessable is to be construed as assessing him at his place of residence, or business, or where his property may be situated within the named precinct, and we think the assessment was sufficiently definite to advise each property owner of the nature of the assessment against him, and the levy of the several taxes by the board of supervisors shows what amount of the tax is to be applied by the valuation of the assessment roll.

We are therefore of the opinion that the chancellor was right in dissolving the injunction, and his decree is accordingly affirmed.

*Affirmed.*