PARKER *et al. v.* GRENADA COUNTY.

(Division A. Jan. 25, 1943. Suggestion of Error Overruled Feb. 22, 1943.)

[11 So. (2d) 446. No. 35231.]

214

W. M. Mitchell, of Grenada, for appellants.

S. C. Mims, for Genada, for appellee.

216

McGehee, J., delivered the opinion of the court.

This suit is for the recovery of certain ad valorem taxes paid by the appellants to Grenada County under protest for "school maintenance" in the Greater Gore Consolidated School District for the year 1941. The case originated in the justice of the peace court and was heard there and in the circuit court without pleadings other than a statement of the amount of taxes claimed to have

been illegally assessed and collected. We must therefore look to the assignment of error and the briefs of counsel to ascertain the grounds upon which the legality of the tax is challenged. It is assigned here as error (1) that the court below admitted in evidence two local and private Acts of the legislature of 1942 undertaking to validate the establishment of the said school district and the levy of the tax in question, in violation of Section 90 of the State Constitution of 1890; and (2) that the court erroneously dismissed the appellants' suit at their cost. The second ground above stated is enlarged upon in the original brief filed by the appellants so as to raise the contention that the petition for this school tax levy was not presented to the board of supervisors before the date upon which the annual tax levy was made, as is required by Chapter 168, Laws of 1932, in regard to tax levies for any public school district. Then, in the reply brief of the appellants, for the first time there is raised the specific question that if the court should hold that the tax was levied under Section 6642, Code of 1930, as contended by the appellee, the tax is invalid because the tax assessor did not make "a separate assessment of the property of such district" as required under the construction given this statute in the cases of Morgan et al. v. Wood, Tax Collector, et al., 140 Miss. 137, 106 So. 435; Finkbine Lbr. Co. v. Batson, Tax Collector, 151 Miss. 608, 118 So. 443. This ground of alleged invalidity of the tax in question will be considered as embraced within the assignment of error that the suit should not have been dismissed by the court below, and we shall respond to the questions in the reverse order in which they are thus raised.

The case was heard in the circuit court without the intervention of a jury and it was agreed that the minutes of the board of supervisors for the October, 1941, meeting and the assessment roll of the county for that year may be introduced without being identified by the clerk. No assessment roll was even introduced in evidence pursuant to this agreement, or otherwise. It was held in the case of

Finkbine Lbr. Co. v. Batson, Tax Collector, supra, that it is not necessary that a separate assessment roll be made, or that the assessment of the school property be upon a separate part of the roll; that if the roll contains a column indicating the school district and the lands in such district in an appropriate place on the roll, it is sufficient, although the same page and line also show an assessment of the property for general state and county purposes. As to whether or not the assessment roll in the instant case complied with these requirements the record before us does not disclose. It was of course incumbent upon the plaintiffs to meet the burden of proof in that regard. Even if we were warranted in accepting the recital in Chapter 371, Laws of 1942, as proof that the school district was not created until the October 1941 meeting of the county school board, we would have to assume that such meeting was held prior to the presentation to the board of supervisors of the petition of the majority of the qualified electors of the district on October 8, 1941, asking for a levy of 10 mills for school maintenance on the property therein described, and we are not advised from the record as to whether or not the tax assessor had been afforded ample opportunity after the creation of the district and prior to the making of the levy within which to make the proper notations on the assessment roll as to what property was in the school district, and as to whether or not it was necessary to change the assessed valuation of any property therein as the same appeared on the rolls as of January 1, 1941, the valuation upon which the order of the board made the levy petitioned for. None of the proceedings purporting to create the school district were offered in evidence. The record contains only an order of the board of supervisors, adopted on October 8, 1941, reciting that a petition containing the names of a majority of the qualified electors of the district and asking for the levy of the tax on the property described in the order was then heard, and it was ordered therein that the order making the annual

tax levy, entered two days prior thereto, be modified so as to make the school levy on the "Greater Gore Consolidated School District" instead of on the "Gore Consolidated School District" as provided in the said prior order. Therefore, it affirmatively appears that the petition was presented to the board before the order making the annual levy became final, as modified. Hence if Chapter 168, Laws of 1932, has any application to a levy of taxes for the support and maintenance of a consolidated school, the same has been complied with in the instant case.

Under the foregoing state of the record, it becomes immaterial for the purpose of this decision whether or not the so-called validating acts are in violation of Section 90 of the Constitution, since we are unable to say that the record discloses any necessity for the enactment of curative legislation in the premises. It is true that all things requisite to the validity of the proceedings creating the district, making the separate assessment required by Section 6642, Code of 1930, and the levy of the tax complained of, must affirmatively appear of record, but it was neither agreed nor shown by proof that this record contains all of the acts, orders and proceedings that may so affirmatively appear of record.

There is no merit in the contention that the procurement of the passage of validating acts necessarily concedes the invalidity of the proceedings sought to be validated.

Therefore the judgment of the court below must be affirmed.

Affirmed.