# CASES ARGUED AND DETERMINED

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1916.

---

### STATE *v.* WIDMAN.

[72 South. 782.]

1. ANIMALS. *Tax or license. Constitutional provisions. Equal protection of the law. Dog tax. Evidence. Judicial notice. Ex post facto law. Imprisonment for debt. Repeal of law.*

   Laws 1910, chapter 110, providing for a tax of one dollar on every male dog over six months old, and three dollars on every female dog over six months old and leaving it optional with each county whether its provisions shall be put in operation therein, either by the board of supervisors or by an election, does not violate section 112, Constitution 1890, authorizing the legislature to impose a tax upon such domestic animals as from their nature and habits are destructive of other property. Nor does it violate the Fourteenth amendment of the Constitu- of the United States, securing to every citizen the equal protection of the law, since while it discriminates between male and female dogs, it applies to every owner of dogs in the same situation.

2. EVIDENCE. *Judicial notice. Character and habits of domestic animals.*

   The courts take judicial notice of the character and habits of domestic animals.

3. CONSTITUTIONAL LAW. *Imprisonment for debt. Dog tax.*

   The provision of the state Constitution prohibiting imprisonment for debt has reference to debts founded on contract. It has no application to taxes.

(1)

4. CONSTITUTIONAL LAW. *Ex post facto law. Dog tax.*

Where Laws 1910, chapter 148, providing for a tax on dogs and making it optional with each county whether its provisions should be put in operation therein either by the board of supervisors or by an election, was put in operation in a county by an order of the board of supervisors on February 5, 1914, and defendant was tried under an affidavit charging him with failing to pay a tax on a dog owned by him on February 1, 1914, such a trial was not under an *ex post facto* law, since the law put the tax into immediate operation, and the offense charged was the failing to pay taxes when due and this occurred after the law was put in force.

5. CRIMINAL LAW. *Prosecution. Repeal of law.*

A prosecution begun under the Laws of 1910, chapter 178, before its repeal could be concluded after the repeal of the statutes since Code 1906, section 1573, so provides.

APPEAL from the circuit court of Pike county.
HON. J. B. HOLDEN, Judge.

Will Widman was charged by affidavit before a justice of the peace with failing to pay a dog tax. Demurrer to affidavit sustained, affidavit quashed and state appeals.
The facts are fully stated in the opinion of the court.

*Ross Collins,* Attorney-General, for the state.

*Price & Price* and *F. D. Hewitt,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal under the provisions of section 40 of the Code of 1906, providing, among other things specified therein, that the state or any municipal corporation may prosecute an appeal from a judgment sustaining a demurrer to, or a motion to quash, an indictment or an affidavit charging crime.

Will Widman was charged by an affidavit in the justice of the peace court in Pike county with failing and refusing to pay a tax on a dog levied under the provisions of chapter 148 of the Laws of 1910 put into opera-

tion in said county by an order of the board of supervisors on the 5th day of February, 1914.

Chapter 148 of the Laws of Mississippi of 1910 provides for a *per capita* tax of one dollar upon each and every male dog over six months old, and the sum of three dollars upon every female dog over six months old, to be collected from the owner, keeper, or harborer of any such dog. This act leaves it optional with each county whether or not its provisions shall be put in operation therein, and provides two methods whereby the counties may elect to put said law into operation: First, the board of supervisors may of its own motion levy the tax in question; second, on the failure of the board to levy the tax in question on petition in writing of twenty per cent. of the qualified electors the board of supervisors must submit to the qualified electors of the county at an election the question of this levy, and upon a vote of a majority of those voting at such election the board of supervisors is required to enter an order levying the tax in question.

"When any county shall have once levied said tax the board of supervisors shall levy said tax each succeeding year until the same shall be voted down by the majority of the electors at an election to be held for that purpose upon petition for the same in the same way and manner as provided herein for initiating the same."

The above-mentioned law was put in force in Pike county by order of the board of supervisors on the 5th day of February, 1914 and remained the law in Pike county until the 3d day of April, 1915, when an election was held as provided in said statute, and the same was suspended from operation in said county by a vote of the people.

The following affidavit in a justice of the peace court in Pike county was made against the appellee Will Widman:

"State of Mississippi, Pike county. Before me, the undersigned officer for and in said county and state

aforesaid, Thomas Mitchell, on information makes affidavit that on the 1st day of February, 1914, in the county and state aforesaid, in district No. 2 thereof, one Will Widman was the owner of and had control over one male dog, which dog was then and there subject to taxation, and was, by the proper authorities, duly assessed for the taxes for the fiscal year of 1914, which tax amounted to the sum of one dollar, and that said assessment was made under and by virtue of chapter 148 of the Laws of Mississippi of 1910, and also under and by virtue of an order duly passed by the board of supervisors of Pike county, Mississippi, on the 5th day of February, 1914, which order of the board of supervisors made it the duty of the tax assessor to assess each and every owner of dogs with one dollar taxes on male dogs, and three dollar taxes on female dogs.

"That the said Will Widman was assessed as being the owner of one male dog, and, notwithstanding these facts, the said Will Widman willfully failed and knowingly refused to pay said taxes on said dog, as he was required to do by chapter 148 of the Laws of Mississippi of 1910, and the order of the board of supervisors, as promulgated by said board on date aforesaid, and in so doing, the said Will Widman violated chapter 148 of the Laws of 1910, and the order of the board of supervisors of Pike county, Mississippi, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi."

A demurrer was filed to this affidavit by the defendant, setting out the following grounds of demurrer:

"First. Because chapter 148 of the Laws of 1910 of the state of Mississippi is unconstitutional, in that it is in violation of section 112 of the Constitution of the state of Mississippi, and also violates section 30 of the Constitution of the state of Mississippi.

"Second. Said Laws of 1910 is also in violation of article 13 of the Constitution of the United States, that

provides that no citizen thereof shall be denied the equal protection of its laws.

"Third. Affidavit does not state act done knowingly.

"Fourth. For other and further causes to be made known on the hearing of this demurrer. Because it provides for imprisonment for debt."

The defendant also filed a motion to quash the affidavit on the ground that the law is *ex post facto,* and therefore violates both the state and the Federal Constitutional inhibitions against the passage of *ex post facto* laws. Both the demurrer and motion to quash were tried together by agreement, and the court, sitting as judge and jury, sustained the demurrer, quashed the indictment, and acquitted the appellee.

The ground of demurrer most seriously pressed in the briefs of counsel is that the act in question violates section 112 of the Constitution of Mississippi, because the legislature provides in this law for a *per capita* assessment of one dollar for male dogs, and three dollars for female dogs. Under the constitutional provisions under consideration the legislature is authorized to impose a tax *per capita* upon such domestic animals as from their nature and habits are destructive of other property. The purpose of the act in question is to discourage the propagation of such domestic animals as the legislature in its wisdom may consider destructive of property from their nature and habits. It is therefore a legitimate exercise of legislative authority to discriminate in levying said tax between male and female dogs, and this does not violate the fourteenth amendment to the Constitution of the United States, providing that every citizen thereof shall be given equal protection of its laws, because while this statute discriminates between male and female dogs it applies to every person in the same situation alike. For every person who owns a male dog is required to pay one dollar, and every person owning a female dog is required to pay three dollars.

It is urged that dogs are not such animals as from their nature and habits are destructive of other property. The courts, however, take judicial notice of the character and habits of domestic animals, and it is a matter of universal knowledge that dogs maim and destroy sheep and other animals, and are in many other ways destructive of property, and it is therefore competent for the legislature to declare that dogs belong to the class of animals designated in the provision of the Constitution under consideration as destructive of other property. To designate the classes of animals to be taxed under this provision is confided by the Constitution in the legislature, and the legislature in its discretion has determined dogs to belong to this class.

The objection is raised that this statute is unconstitutional, because it violates the provision of the Constitution of the state against imprisonment for debt. The Constitution has reference to debts founded on contract. It has no application to taxes. Cooley on Taxation, p. 21, and citations thereunder.

It is urged that the defendant was tried under a law not in existence at the time the offense was committed, because he was assessed as being the owner of a dog on the 1st day of February, 1914, and the statute levying the tax was not put into operation in Pike county until the 5th day of the same month and year. Therefore it is argued that the defendant was tried under an *ex post facto* law. This ground is not well taken. The law put the tax into immediate operation; therefore the assessment, as of February 1st, is correctly made. *Railroad Co.* v. *Middleton,* 109 Miss. 199, 68 So. 146. But the offense charged to have been committed in this instance was the offense of failing to pay the tax when due, and this occurred after the law was put in force; consequently the law is not *ex post facto,* as to the crime charged.

It is also insisted by counsel that this prosecution could not be lawfully continued because the law under

which it had been begun was repealed at the time the prosecution was commenced, but section 1573 of the Code of 1906 provides that no change in any law affecting a crime or its punishment, etc., shall defeat the prosecution of any crime committed prior to its enactment, whether such prosecution be instituted before or after such enactment. Therefore the express provisions of said statute dispose of the last contention.

*Reversed.*