STATE *ex rel.* RICE, ATTY.-GEN., *et al. v.* EVANS-TERRY CO.

(Division B. Feb. 25, 1935. Suggestion of Error Overruled April 8, 1935.)

[159 So. 658. No. 31585.]

W. W. Pierce, assistant attorney-general, for appellants.

530

**S. B. Thomas**, of Greenville, for appellee.

**Hannah & Simrall**, of Hattiesburg, for appellee.

Brunini & Hirsch, of Vicksburg, for appellee.

Argued orally by **W. W. Pierce,** for the state, and by **T. C. Hannah,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellants in their bill against appellee charged that appellee owned certain motortrucks of two and one-half tons and more carrying capacity, on which it had paid

the state the annual privilege tag tax, as required by section 4 of chapter 126, Laws of 1934; that its motortrucks, however, had traveled more than six thousand miles upon the public highways of the state, and therefore appellee owed the mileage tax imposed by section 5 of the act, for which a decree was asked; that appellee was required to have its trucks equipped with speedometers as provided by section 15, and to keep daily records as provided in section 16, and to make reports as required by section 17, and to pay the taxes required by section 18.

Appellee, in its answer, admitted the material allegations of facts in the bill, but averred that section 5 of the act (the mileage tax provision) was violative of the equal protection clause of the Fourteenth Amendment of the Federal Constitution, and therefore void, assigning the following reasons: That upon payment of the tax provided by section 4 of the act appellee acquired the right to use its motortrucks on the public roads and streets of the state for the full twelve-month period; that the restriction found in subdivision 3 under section 5, limiting the privilege to only six thousand miles, was unreasonable and arbitrarily discriminatory; that the mileage tax imposed by section 5 of the act applies to mileage traveled on the public highways outside of municipalities and does not embrace municipal streets; that it is physically impossible for appellee to keep separate records of the mileage traveled by its trucks on public highways and on municipal streets, and for that reason the act is void for uncertainty; that if, on the contrary, the act includes municipal streets, it will be null and void, because the legislature was without power to impose a tax on appellee's trucks for mileage traveled on municipal streets, "particularly when no part of the fund goes into the municipal treasury;" that the classification of trucks according to carrying capacity, and the exemption from the mileage tax of trucks of less than two and one-half tons carrying capacity, private passen-

ger automobiles, and taxicabs, is an unreasonable and arbitrary classification and renders the mileage statute void.

Appellee introduced evidence tending to show that it was very difficult to determine what character and tonnage of motor vehicle did the most damage to the public highways.

Appellee's attack is on the mileage tax above six thousand miles, which is required in addition to the flat tag tax. Hudson v. Stuart, 166 Miss. 339, 145 So. 611, comes very near deciding every question involved in the present case. The principles laid down in the opinion in that case and the supporting authorities cited, we think, apply to this case, and lead inevitably to the conclusion that the statute involved is not violative of the equality clause of the federal constitution. The cases referred to in that case are: Continental Baking Co. v. Woodring (D. C.), 55 F. (2d) 347; Id., 286 U. S. 352, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402; Sproles v. Binford, 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167; Westfalls Storage, Van & Express Co. v. City of Chicago, 280 Ill. 318, 117 N. E. 439; Kellaher v. City of Portland, 57 Or. 575, 110 P. 492, 112 P. 1076; State ex rel. Wisconsin Allied Truck Owners' Ass'n. v. Public Service Commission, 207 Wis. 664, 242 N. W. 668.

Classification in law, as in other branches of knowledge, is the grouping of things in speculation or practice because they agree with one another in certain particulars and differ from other things in the same particulars. The Legislatures have wide discretion of classification when establishing classifications for the welfare of those for whom they legislate. The classification to be obnoxious to the equality clause of the Fourteenth Amendment to the Federal Constitution must be manifestly arbitrary and unreasonable and not possibly so. Atchison, Topeka & Santa Fe R. Co. v. Matthews, 174 U. S. 96, 19 S. Ct. 609, 43 L. Ed. 909; Clark v. Kansas City, 176 U. S. 114, 20 S. Ct. 284, 44 L. Ed. 392; Missouri, Kansas & T.

Ry. Co. v. Cade, 233 U. S. 642, 34 S. Ct. 678, 58 L. Ed. 1135; Bachtel v. Wilson, 204 U. S. 36, 27 S. Ct. 243, 51 L. Ed. 357.

The discriminations which are alleged to be unreasonable and arbitrary, and therefore violative of equal protection, are exemption of trucks of less than two and one-half tons, passenger automobiles, cars engaged solely and exclusively in the transportation of children and teachers to and from public schools, those engaged exclusively in the transportation of agricultural, forest, and dairy products when such products are owned by the producer, or when forest products are being transported not exceeding fifty miles in their raw or manufactured state or as lumber, and in hauling sand, gravel, dirt, and stone for road-building purposes only, and where used in lieu of street cars in or between municipalities, or by hotels exclusively for its patrons and employees, operating not exceeding fifteen miles from such hotel, and taxicabs used within the city limits of a municipality or not exceeding three miles therefrom, and cars used by employees of the United States on official business, or exclusively for the United States, the state of Mississippi, or its subdivisions.

The state, in dealing with the public roads which belong to it, and in protecting its investment in the public roads, is not subject to the same restrictions as when dealing with private property not affected with the public use. Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Stephenson v. Binford, 287 U. S. 251, 53 S. Ct. 181, 77 L. Ed. 288, 87 A. L. R. 721; Riley v. Ayer & Lord Tie Co., 147 Miss. 105, 113 So. 214. The classification of motor vehicles according to carrying capacity is not an arbitrary and unreasonable classification, and therefore not violative of equality. Carley & Hamilton v. Snook, 281 U. S. 66, 50 S. Ct. 204, 74 L. Ed. 704, 68 A. L. R. 194; Hicklin v. Coney, 290 U. S. 169, 54 S. Ct. 142, 78 L. Ed. 247; Hudson v. Stuart, supra. Most of the classifications in this statute have already been held valid.

Hudson v. Stuart, supra; Continental Baking Co. v. Woodring, supra; Carley & Hamilton v. Snook, supra; State ex rel. Wisconsin Allied Truck Owners' Ass'n v. Public Service Commission, supra; Hicklin v. Coney, supra; Hoover Motor Express Co., Inc., v. Fort, 167 Tenn. 628, 72 S. W. (2d) 1052.

A classification on a mileage basis in levying a privilege tax on motor vehicles does not violate equality. Continental Baking Co. v. Woodring, supra; Columbus & Greenville Ry. Co. v. Miller, 283 U. S. 96, 51 S. Ct. 392, 75 L. Ed. 861; Chesapeake & Ohio R. Co. v. Conley, 230 U. S. 513, 33 S. Ct. 985, 57 L. Ed. 1597; Pullman Co. v. Adams, 78 Miss. 814, 30 So. 757, 84 Am. St. Rep. 647; Id., 189 U. S. 420, 23 S. Ct. 494, 47 L. Ed. 877; Zemurray v. Bouldin, 87 Miss. 583, 40 So. 15.

The putting of passenger vehicles and freight vehicles into separate classes and levying a different tax on each class is not violative of equality. Hudson v. Stuart, supra; Sproles v. Binford, supra; Hicklin v. Coney, supra; Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385; Kane v. New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222; Carley & Hamilton v. Snook, supra.

In the definitions to the act, subdivision 9 of section 1, it is provided that the term " 'public highway' includes the public roads, highways, streets and bridges in this state." The statute does not violate equality because it imposes a privilege tax upon motor vehicles used partially on the streets of municipalities, even though no part of the tax is returned to the municipality. City of Jackson v. State ex rel. Mitchell, 156 Miss. 306, 126 So. 2; Carley & Hamilton v. Snook, supra; Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, 288 U. S. 249, 53 S. Ct. 345, 77 L. Ed. 730, 87 A. L. R. 1191; Eastern Air Transport, Inc., v. South Carolina Tax Commission, 285 U. S. 147, 52 S. Ct. 340, 76 L. Ed. 673; Trinityfarm Construction Co. v. Grosjean, 291 U. S. 466, 54 S. Ct. 469, 78 L. Ed. 918. Furthermore, the streets of municipalities

are state highways in a large sense. Municipalities are governmental units of the state, and under our public highway laws, some of the main thoroughfares of municipalities have been constructed, in part at least, at state expense.

We see no constitutional objection to the Legislature exempting entirely all trucks of less than two and one-half tons, and the same is true of the other motor vehicles exempt by the statute from the mileage tax. In determining whether a classification is justified, the courts will not pass on issues of fact; they will assume that the findings of fact by the Legislature upon which the statute is based in reality existed, unless it is apparent to all reasonable minds that they were nonexistent.

To sustain its position appellee relies largely on Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 75 L. Ed. 1264. We do not think the case at all in point. In that case there was a Florida statute involved; it put private carriers in practically the same category as public carriers, and required them, when operating between fixed termini or over a regular route, to obtain certificates of public convenience and necessity as a condition precedent to the right to use the public highways of the state. The court held that the act was beyond the power of the state; that the Legislature could not make a public utility out of a private utility; that to do so constituted the taking of private property for public use without due compensation, and was therefore violative of due process. Michigan Public Utilities Commission v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105, and Frost & Frost Trucking Co. v. Railroad Commission, 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457, referred to in the opinion in that case, are to the same effect. The court further held that a provision of the statute requiring private carriers in addition to the certificate of public necessity and convenience, to furnish a bond or insurance policy to indemnify the public against injuries, but exempting from such requirement transportation com-

panies engaged exclusively in transporting agricultural, horticultural, dairy, and other farm products, and fish, oysters, or shrimp, from the point of production to the assembling or shipping point en route to primary market, and motor vehicles used exclusively in transporting and delivering dairy products, was, in that respect, a denial of equality, and therefore a void discrimination. The court held that the statute in this respect related to the public safety, which was a matter of grave concern, as the highways became increasingly crowded with motor vehicles; and that there was no doubt of the power of the state to insist upon suitable protection for the public against injuries through the operations on its highways of carriers for hire, whether they were common carriers or private carriers; but in establishing such a regulation there did not appear to be any justification for making a distinction between those who carry for hire farm products, or milk or butter, or fish or oysters, and those who carry for hire bread or sugar, or tea or coffee, or groceries in general, or other useful commodities; and that it was manifest that one endangered the public safety as much as the other. The requirement had nothing to do with the relative damage done highways by motor vehicles of different capacities nor the public policy of exempting from taxes motor vehicles carrying certain character of commodities for the purpose of promoting the general welfare. The validity of the mileage tax provided by the statute was not passed on. The court never reached that.

Reversed, and judgment for appellants.