(No. 31312.)

THE CITY OF CHICAGO, Appellant, *vs.* THE WILLETT COMPANY, Appellee.

*Announced September 11, 1951.*

Mr. JUSTICE FULTON delivered the announcement of the court:

Pursuant to the order entered by the United States Supreme Court in the cause of *City of Chicago* v. *The Willett Company,* (No. 493, October term, 1950, of said court,) requesting a clarification of our opinion in the same cause, reported in 406 Ill. 286, as to whether or not a decision of a Federal question was necessary, the basis for the opinion in said cause is as follows:

*Osborne* v. *Florida,* 164 U.S. 650, and *Pullman Co.* v. *Adams,* 189 U.S. 420, hold that only when a separation, in fact, of intrastate and interstate business exists a like separation may be recognized between the control of the State and that of the nation to apply a tax such as proposed here. The burden of proving inseparability is on him who asserts that, although actually within, the traffic is legally outside the State; that unless the interstate character is established, locality determines the question of jurisdiction. (*Pennsylvania Railroad Co.* v. *Knight,* 192 U.S. 21.) *Sprout* v. *South Bend,* 277 U.S. 166, holds that in order that the fee or tax be valid it must appear that it is imposed solely on account of the intrastate business; that the amount exacted does not increase because of the interstate business done; and that the person taxed could discontinue the intrastate business without withdrawing also from the interstate business.

The sole evidence in the cause, to which fact situation the above rules of law had to be applied, was to the effect that the Willett Company is not able to separate intrastate from interstate and intercity business, nor can it keep records of such business or degrees of business, nor can it

continue in any one of its operations without giving up its entire business. The city did not contradict, oppose or challenge this evidence either by introducing evidence in opposition thereto or by cross-examining the witnesses to challenge their veracity.

Our decision is that the Chicago carters ordinance is valid, but, in light of the rules of the foregoing cases, could not be applied to the Willett Company because of the uncontradicted evidence which removes the Willett Company from an application of the license tax.