481 So.2d 826 (1985)
MISSISSIPPI BOARD OF NURSING
v.
Eunice BELK.
No. 55856.
Supreme Court of Mississippi.
December 11, 1985.
Edwin Lloyd Pittman, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellant.
John L. Hatcher, Cleveland, for appellee.
*827 Before WALKER, P.J., and DAN M. LEE and SULLIVAN, JJ.
DAN M. LEE, Justice, for the Court:
Eunice Belk appeared before the Mississippi Board of Nursing on January 17, 1979, to answer charges that she was guilty of professional misconduct in failing to follow the Board's procedures for certification as a nurse anesthetist. The Board found her guilty of professional misconduct, and held that she would not be allowed to practice as a nurse anesthetist in Mississippi until she complied with the Board's certification procedures. Belk appealed to the Chancery Court of Bolivar County, assigning the following as error:
(1) The record contains no copies of any rules or regulations of the Board pertaining to a grandfather clause for anesthetists, certified or otherwise, but only some correspondence on the subject.
(2) The purported rules and regulations of the Board regarding a more stringent grandfather clause for anesthetists is beyond the scope and authority of the Mississippi Nursing Practice Law, and there is no proof of their joint adoption by the State Board of Health.
(3) The purported rules and regulations of the Board are unconstitutional and in violation of the due process and equal protection clauses of the Federal and State constitutions by providing a more restrictive grandfather clause for anesthetists than the legislature provides itself for other registered nurses.
(4) Section 73-15-29(f), Miss.Code of 1972, as amended, providing for revocation of license for `professional misconduct' is unconstitutionally vague and uncertain and without sufficient specific criteria for a person to know in advance what constitutes grounds for revocation of license.
(5) The findings of the Board are not supported by credible evidence and its decision that appellee was guilty of professional misconduct is unreasonable, arbitrary and capricious.
The Board of Nursing moved to dismiss the appeal on the grounds that it was taken out of the statutory time limit. The chancellor found that the delay in taking the appeal was justifiable, and the Board of Nursing took an interlocutory appeal on that issue to this Court. That appeal was dismissed on July 30, 1980, 386 So.2d 400, in case # 51,907, in an opinion not designated for publication. Finding that the appeal would not dispose of the entire cause, it was dismissed by this Court and remanded to the Chancery Court of Bolivar County.
On May 24, 1984, the chancellor issued his order, finding for Eunice Belk on all of the aforementioned assignments of error. He reversed the decision of the Mississippi Board of Nursing and reinstated Belk's license to practice as a nurse anesthetist. The Board of Nursing has appealed, and assigns the following as error:
Proposition 1. The chancellor erred in considering matters outside the record.
Proposition 2. The rules and regulations of the Mississippi Board of Nursing are proper and not beyond the scope and authority of the Board.
Proposition 3. The rules and regulations of the Board are not more restrictive toward certified registered nurse anesthetists.
Proposition 4. The lower court erred in finding that the term "professional misconduct" is without specific criteria.
Proposition 5. The lower court erred in finding that the Board's decision was unreasonable, arbitrary, and capricious.

FACTS
At the time of her hearing before the Mississippi Board of Nursing, in 1979, Eunice Belk had been a registered nurse for twenty-one years. She had been a nurse anesthetist for sixteen years, having graduated from the school of anesthesia of Charity Hospital in New Orleans in 1962. At the time she graduated from school, special certification as a nurse anesthetist was not required, so Belk did not take the examination which would have qualified her as a member of the anesthetist association. Until *828 1975, the association was merely a professional society, and membership in the association did not denote special professional qualifications. Belk testified that her failure to take the qualifying examination was not due to lack of interest, but due, rather, to the fact that the staff shortage at the Bolivar County Hospital prevented her from taking time off to study for it.
In December, 1978, Belk received a letter from the Mississippi Board of Nursing, in which she was informed that the Board would seek the revocation or suspension of her nursing license. The Board charged her with a violation of Miss. Code Ann. § 73-15-29(f) (1972) in practicing nursing beyond the authorized scope of her license. The statute, as it read at that time, stated:
The board shall have power to deny, revoke or suspend any license to practice nursing issued by the board or applied for in accordance with the provisions of this chapter, or to otherwise order and enforce suspension or other discipline less than revocation, upon proof that such person:
.....
(f) is guilty of professional misconduct.
The Board of Nursing defines "professional misconduct" as, among other things: "Practicing nursing beyond the authorized scope of the license or directing others to practice beyond their authorized scope."
In 1977, the Board of Nursing promulgated new rules and regulations with regard to the certification of nurse anesthetists. A letter from the Board, dated March 25, 1977, indicated that certain documents were to be sent to the Board for certification in certain "expanded roles," and indicated that a certified registered nurse anesthetist was to be considered as working in an expanded role. However, at the time the letter was sent, Belk was not a certified registered nurse anesthetist because she had never taken the qualifying exam. Another letter, dated April 21, 1977, further explained these requirements. Also included in the record was a copy of administrative procedures for the expanded role of the registered nurse. Those procedures included, for the nurse educated outside Mississippi, evidence of national certification or state certification. The Board also promulgated a "grandfather clause" which would exempt certain nurses from being required to comply with the new certification procedures. The grandfather clause allowed for certification of nurses who had practiced in the capacity of a nurse anesthetist prior to 1970 and who had practiced for a continuous period of fifteen years. However, to take advantage of this clause, the applicant had to notify the Board of Nursing by February 1, 1978, and submit to the Board a protocol listing all medical acts and types of anesthesia being administered. At the hearing, Belk contended that she had never received any of these documents, nor was she informed of them by her supervisors.
When the hearing began, Belk made two motions to the Board. The first was a motion to dismiss, based upon two grounds: first, that the grandfather clause was unconstitutional, in that it differed substantially from the grandfather clause for registered nurses or licensed practical nurses, which were both unlimited in time; and, second, that the new regulations were beyond the scope of authority of the Board, in that the Board was authorized to regulate conduct, but not to require special licensing. The second motion was a motion for an extension of time. The basis for that motion was that Eunice Belk was unaware of the new requirements for certification, but would be happy to comply with them if given ample time. Belk accompanied her motions with a letter from the active medical staff of Bolivar County Hospital, where she had worked for fifteen years and which was, of course, her employer. In that letter, eleven medical doctors expressed their support for Belk, stating that she was "qualified to administer anesthesia in a highly competent manner." The letter also requested that the Board permit Belk to remain licensed as an anesthetist because of the acute need in the area. The Board overruled both motions.
*829 Both Bobby Flynt, Chief Anesthetist at the Bolivar County Hospital and Belk's immediate supervisor, and James Townsend, the Administrator of the hospital, testified. Flynt testified that, although he and one other anesthetist who were previously certified had complied with the new procedures, he was unaware of how the new procedures applied to Belk. For that reason, he had never spoken with her regarding the new requirements for certification; however, he had mentioned them to Townsend. Townsend testified that he had received a letter from the Board regarding certified nurse anesthetists, but he also did not know if this applied to Belk. Both Townsend and Flynt testified that Belk was an outstanding nurse anesthetist.
John Savage, the Executive Secretary of the Mississippi Certified Nurse Association, testified that Belk was not required to take the certification examination for registered nurse anesthetists prior to the change in the Board's procedures. He also testified that four other people had been allowed certification under the grandfather clause who had no formal training. Since Belk had formal training from Charity Hospital in New Orleans, Savage recommended that she be allowed an extension of time to complete her certification requirements under the grandfather clause.
The Board's decision was as follows:
It is the decision of the Board of Nursing that you be informed that the Board will adhere to our previous position on qualifications being met to perform as a nurse anesthetist and that you will not be allowed to practice as an anesthetist in Mississippi until you have met the current standards.

LAW
The Board's first assignment of error is that the chancellor, in finding inadequate documentation of the Board's rules and regulations, considered matters which were outside the record. Specifically, the Board asserts that the record contains no objection as to the existence or authenticity of the rules and regulations of the Board, and that the absence of objection procedurally bars Belk from asserting this as error on appeal. The record shows that the Board's exhibits showing its rules and regulations were entered into the record at the hearing without objection.
In the case of Unemployment Compensation Commission of Alaska v. Aragon, 329 U.S. 143, 67 S.Ct. 245, 91 L.Ed. 136 (1946), the United States Supreme Court held that "A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not therefore presented and deprives the commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action." 329 U.S. at 155, 67 S.Ct. at 251, 91 L.Ed. at 146. In this case, had Belk objected to the introduction of the uncertified, unauthenticated copies of the rules and regulations, the Board would have had an opportunity at that time to correct the error. Belk contests the rulings, not only on the basis that they were unauthenticated in the record, but also on the basis that they were not properly promulgated. However, she made no objection to the method of their promulgation at the time of the hearing. It is clear under Mississippi law that an administrative agency cannot exceed the scope of authority which was granted to it by the legislature. Howell v. State, 300 So.2d 774 (Miss. 1974); Mississippi Milk Commission v. Winn-Dixie Louisiana, Inc., 235 So.2d 684 (Miss. 1970), State Board of Optometry v. Orkin, 249 Miss. 430, 162 So.2d 883 (1964); Broadhead v. Tax Commission, 238 Miss. 239, 117 So.2d 881 (1960); State v. Allstate Ins. Co., 231 Miss. 869, 97 So.2d 372 (1957). However, it is also clear that an appellant cannot raise matters at the appeal level which were not objected to during the administrative hearing. At the hearing, Belk did not object to the lack of documentation of the rules in the record, nor did she object to the lack of evidence of joint adoption of the rules by the State Board of Health, which is required by state law. Therefore, she is precluded from raising *830 these issues on appeal, and the chancellor's decision on this issue is reversed.

II.
Belk did object to the Board's grandfather clause for nurse anesthetists on the grounds that it exceeded the scope of the authority granted to the Board by § 73-15-17(a), Miss. Code Ann. (1972). That statute gives the Board authority to "adopt and from time to time revise such rules and regulations consistent with the law as shall be necessary to govern its proceedings and carry into effect the provisions of this chapter." Belk asserted, and the chancellor agreed, that this provision gave the Board the authority to regulate the conduct of nurse anesthetists differently from the regulation of registered nurses, but that it did not give the Board the authority to promulgate different grandfather clauses regarding licensing. Because we find the grandfather clause for nurse anesthetists void on other grounds, we do not reach this issue.

III.
Belk contended on appeal that the rules and regulations in question were unconstitutional as violating the due process and equal protection clauses of the fourteenth amendment. As stated earlier, the grandfather clause which allowed certification as a nurse anesthetist without examination provided that:
The grandfather clause found in the standards of practice of CRNA's will be void as of February 1, 1978. Anyone wishing to take advantage of this clause and can meet the criteria must notify and submit evidence of the above to Mississippi Board of Nursing prior to February 1, 1978.
Conversely, the grandfather clause provided by statute for registered nurses in the state under Miss. Code Ann. § 73-15-19 (1972), as it existed at the time of this action, provided that:
Nurses Licensed Under a Previous Law.
Any person holding a license or a certificate of registration to practice nursing as a registered nurse which is valid on July 1, 1970, shall thereafter be deemed to be licensed as a registered nurse under the provisions of this chapter upon payment of the fee provided in § 73-15-27.
This statute provided a grandfather clause which was unlimited in time as to registered nurses.
By requiring a different licensing procedure for nurse anesthetists than that required for registered nurses, the Board has classified them differently. In order to determine whether this classification violates the fourteenth amendment, the test has two parts. The first part of the test is to determine whether the classification has been made of two groups of like or unlike persons. The second part of the test is to determine whether the classification has a valid legislative purpose. Either the due process clause or the equal protection clause "forbids class legislation arbitrarily discriminatory against some and favoring others in like circumstances." 16A Am.Jur.2d Constitutional Law § 740 (1979).
The Board of Nursing has chosen to distinguish between registered nurses and registered nurse anesthetists for purposes of licensing. It may be that the nurses in either category properly belong to different classes with regard to their nursing duties. However, Belk has specifically attacked the grandfather clauses pertaining to each category, and the state has offered no explanation for the unlimited as to time grandfather clause for registered nurses as opposed to the limited grandfather clause for nurse anesthetists.
The legislature enjoys a wide latitude in making laws based upon classifications of persons, and those laws will not be invalidated under the due process or equal protection clauses unless they are manifestly arbitrary or unreasonable for the classifications. Peterson v. Sandoz, 451 So.2d 216 (Miss. 1984); State v. Paramount-Gulf Theaters, Inc., 226 Miss. 404, 84 So.2d 403 (1956); Reichman-Crosby Co. v. Stone, 204 Miss. 122, 37 So.2d 22 (1948); Rice v. Louisiana Oil Corp., 174 Miss. 585, 165 So. 423 (1936); Southern Package Corp. v. State *831 Tax Commission, 174 Miss. 212, 164 So. 45 (1935); State v. Evans-Terry Co., 173 Miss. 526, 159 So. 658, aff'd sub. nom, Evans-Terry Co. v. Mississippi, 296 U.S. 538, 56 S.Ct. 126, 80 L.Ed. 383 (1935), reh'g denied, 296 U.S. 663, 56 S.Ct. 177, 80 L.Ed. 473 (1936); State v. Widman, 112 Miss. 1, 72 So. 782 (1916); and State v. Lawrence, 108 Miss. 291, 66 So. 745 (1914). However, the regulation in question does not represent a legislative determination, but an agency determination. The legislature specifically distinguished between only two groups of nurses: registered nurses and licensed practical nurses. It has not made any classification with regard to expanded role nursing.
It appears to us that the grandfather clause promulgated by the Mississippi Board of Nursing for the certification of nurse anesthetists violates the equal protection clause of the fourteenth amendment. Grandfather clauses are typically enacted under the theory that:
Persons who have properly carried on the activity for sometime, or who are engaged therein as of a specific date, may be presumed to have the qualifications that are needed for carrying on the activity and that must be demonstrated by examination or documentary evidence by those who seek a license after a specified date.
51 Am.Jur.2d Licenses and Permits § 36 (1970).
The state has not demonstrated, and we cannot imagine, why experienced registered nurses may become licensed at any time upon payment of a fee, while experienced nurse anesthetists who did not act prior to February 1, 1978, are irrevocably excluded from practice without additional examination.
The situation here is analogous to the case of City of Vicksburg v. Mullane, 106 Miss. 199, 63 So. 412 (1913). In that case, a city ordinance requiring the licensing of plumbers was attacked on the grounds that it violated the Constitution because it was oppressive, discriminatory, unreasonable and created a monopoly. The ordinance required that individual plumbers must be licensed; however, in firms or corporations, only one member was required to be licensed, as long as he supervised the work of unlicensed plumbers. This Court invalidated the ordinance, holding that:
Government should protect [the appellant] in his sacred right to earn his livelihood by working at his trade. It should see that no unequal burdens are imposed upon him, and that there is no discrimination against him because he labors alone. This ordinance does not operate equally upon Mr. Mullane and all other plumbers in the city. It is discrimatory as to him.
106 Miss. at 218, 63 So. at 416.
See also, Riley v. Ayer & Lord Tie Co., 147 Miss. 105, 113 So. 214 (1927). We hold, therefore, that the grandfather clause for nurse anesthetists, in setting a time limitation upon certification, has denied Eunice Belk the equal protection of the law which is guaranteed to her by the fourteenth amendment. That provision is hereby invalidated on those grounds, without reaching any argument under the due process clause.

IV.
The Board next assigned as error the lower court's finding that the revocation of a nursing license upon a finding that the nurse was "guilty of professional misconduct" was unconstitutionally vague. While the term "professional misconduct," in itself, would allow the Board wide latitude in punishing nurses by the revocation of their licenses, that term alone is not conclusive, particularly in this case. The Board has defined professional misconduct, in its rules and regulations, as practicing nursing beyond the authorized scope of the license. That is specifically the charge with which Eunice Belk was faced here. "[A] person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before the Court." Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973). With respect to the application *832 of § 73-15-29 to Belk, the standard for a finding of professional misconduct was sufficiently clear to withstand scrutiny under a void-for-vagueness challenge. Thus, the chancellor's decision on this issue is reversed.

V.
The last assignment of error deals with whether the chancery court was correct in its finding that the administrative agency's action was unreasonable, arbitrary, and capricious. This standard of appellate review of administrative action is so well settled in this state that a list of cases supporting that proposition would be superfluous.
When Belk appeared before the Board of Nursing, she tendered a letter, signed by eleven doctors, which attested to her competence as a nurse anesthetist. The Board's requirement for certification as a nurse anesthetist under the grandfather clause included the submission to the Board of a protocol listing all medical acts and types of anesthesia administered by the nurse, and a statement of minimum competency signed by at least two supervising physicians, the individual, and the employer. By submission of the letter, Belk substantially complied with the terms of the grandfather clause, lacking only the submission of her protocol. We have already held that the time limitation of the grandfather clause was unconstitutionally invalid. We further hold that the Board's failure to allow Belk an extension of time to complete the documentation required under the grandfather clause was arbitrary, unreasonable, and capricious.
We affirm the chancellor's finding that the grandfather clause promulgated by the Mississippi Board of Nursing for the certification of nurse anesthetists violates the equal protection clause of the fourteenth amendment. We also affirm the chancellor's finding that, in not granting Eunice Belk the opportunity to complete the documentation required under the grandfather clause, the Board's actions had the effect of revoking Belk's license to practice as a nurse anesthetist, and were, therefore, unreasonable, arbitrary, and capricious. We reverse the chancellor's finding that the rules and regulations of the Board of Nursing were inadequately documented in the record, and we also reverse the finding that the standard for "professional misconduct" is unconstitutionally vague. Having invalidated the grandfather clause for nurse anesthetists on equal protection grounds, and having invalidated its application to Eunice Belk through the unreasonable, arbitrary, and capricious standard, we find it unnecessary to determine whether the enactment of the clause was outside the scope of authority of the Board, or whether it violated the due process clause of the fourteenth amendment.
We affirm the reinstatement of Eunice Belk's license to practice as a nurse anesthetist, subject hereafter to the regulations of the Board of Nursing which pertain to Certified Registered Nurse Anesthetists.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.