THOMAS, J.,
for the Court:
¶ 1. On January 29, 1996, Willie B. Goo-den, a correctional officer at the Mississippi State Penitentiary, was suspended under extraordinary circumstances by Superintendent Raymond Roberts. A notice of administrative review charged him with the following State Personnel Board Manual offenses
Group III, Number 3-Reporting to work under the influence of, or when ability is impaired by, alcohol or the unlawful use of controlled substances;
Group III, Number 11-Acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency’s duties to the public or to other state employees.
*784 Specifically, you tested positive for cocaine on January 26,1996.
¶ 2. After his administrative review hearing on February 26, 1996, he was issued a notice of termination by the superintendent at Parchman. Gooden filed a notice of appeal to the Employees Appeals Board (EAB) and on June 18, 1996, a hearing was held before Hearing Officer Faltón 0. Mason, Jr. On June 25,1996, the hearing officer entered an order that affirmed the termination of Gooden. Goo-den appealed the decision of the hearing officer to the full board of the EAB. The board affirmed the hearing officer’s order on January 17, 1997. Gooden appealed that decision to the Circuit Court of Sunflower County. On January 8, 1998 oral argument was held before Circuit Judge Shirley Byers. On December 28, 1998, Circuit Judge Byers reversed the decision of the EAB and ordered that Gooden be reinstated with full back pay and benefits. The MDOC now appeals to this Court alleging the following issues as error:
I. WHETHER THE DECISION OF THE CIRCUIT COURT OF SUNFLOWER COUNTY, WHICH REVERSED THE DECISIONS OF THE HEARING OFFICER AND THE FULL BOARD OF THE EMPLOYEE APPEALS BOARD, WAS IMPROPERLY BASED UPON EVIDENCE NOT FOUND IN THE RECORD MADE BEFORE THE EMPLOYEE APPEALS BOARD?
II. WHETHER THE DECISION OF THE EMPLOYEE APPEALS BOARD IS UNLAWFUL FOR THE REASON THAT IT WAS: A) NOT SUPPORTED BY ANY SUBSTANTIAL EVIDENCE; B) ARBITRARY AND CAPRICIOUS; OR C) IN VIOLATION OF SOME STATUTORY OR CONSTITUTIONAL RIGHT OF THE APPEL-LEE?
¶ 3. Finding the first issue dispositive, we reverse and render the circuit court and order the ruling of the EAB reinstated.
FACTS
¶ 4. Barry Parker, Chief of Security for the Mississippi State Penitentiary, stated that he received an anonymous letter by fax. The letter stated that Officer Willie Gooden was going to bring in a firearm to sell to an inmate. Parker stated that this was not the first letter he had seen regarding Gooden. Prior to this Parker had seen a letter from one inmate to another, which mentioned that “Tonight, Gooden was either drunk or on pills when he came around shaking down.” Based on these letters, on January 26, 1996, Parker contacted the K-9 Unit and had them search all of the staff that reported for work, including Gooden. No gun was found on Gooden’s person or in his vehicle. Parker then interviewed Gooden. During the interview, Parker asked that Gooden submit to a drug test. Gooden answered that he had no problem with taking the test; however, when asked to go to Unit 26 to have the test administered Gooden admitted to having used crack cocaine two weeks earlier. Parker testified that when Gooden got to the Alcohol and Drug Unit to take the test, he admitted that he had smoked crack cocaine earlier that morning.
¶ 5. When asked why Parker wanted Gooden to take the test, Parker testified that his suspicion was aroused when he received several letters. The last anonymous letter made him very concerned that there was a real possibility that the letter could be truthful, so he felt like it was in the best interest of the security of the institution that a search was conducted and a drug test performed on Gooden.
¶ 6. Dee Douglas is the case manager for the Alcohol and Drug Unit located on Parchman and her duties require her to conduct drug tests. Douglas interviewed Gooden before the test and filled out a chain of custody form. Gooden told Douglas that he had used crack cocaine earlier that morning.
¶ 7. At trial, Douglas was accepted as an expert in drug testing. Douglas testified *785 that Gooden tested positive for cocaine and she immediately ran a second test. This second test also registered positive for cocaine. At the end of Douglas’s testimony the MDOC requested that the drug test report be admitted into evidence. The hearing officer asked counsel for Gooden if he had any objections to which counsel replied he did not.
¶ 8. On cross-examination Douglas testified that there was no way to determine at what point of time the cocaine was used. However, she testified cocaine does not stay in the body’s system for more than approximately two to four days, depending on the person’s metabolism.
119. Gooden testified in his own defense. He stated that there was no truth to any of the allegations in the letters. He never was going to bring a firearm to an inmate and that he was never intoxicated or on drugs when “shaking down” inmates. Gooden testified that these allegations were made from inmates angry that he had performed a “shake down.” During his testimony, Gooden also denied that he told Douglas or Parker that he had used crack cocaine the day of the January 26, 1996. Gooden testified that, due to the fact that he tested positive for cocaine use, he felt that he should be given the opportunity to go for treatment, as there has never been any deficiency in his work performance related to drug use.
ANALYSIS
I.
WHETHER THE DECISION OF THE CIRCUIT COURT OF SUNFLOWER COUNTY, WHICH REVERSED THE DECISIONS OF THE HEARING OFFICER AND THE FULL BOARD OF THE EMPLOYEE APPEALS BOARD, WAS IMPROPERLY BASED UPON EVIDENCE NOT FOUND IN THE RECORD MADE BEFORE THE EMPLOYEE APPEALS BOARD?
¶ 10. The MDOC maintains that the circuit court judge based her decision to reverse Gooden’s termination on evidence not found in the record before the EAB. The MDOC argues that at the EAB hearing, a case manager at the alcohol and drug unit at Parchman testified at great length regarding the procedures, calibration, and chain of custody of Gooden’s drug test results. The MDOC points out that the case manager testified to the result of the initial test and the confirmation test and that the results were admitted into evidence as Exhibit Number 5, with no objection by Gooden. After the MDOC rested, Gooden made a motion to exclude the results of the drug test stating that the MDOC had not shown that they had reasonable suspicion to require Gooden to submit to a drug test as required by the drug testing procedures act.
¶ 11. When Gooden appealed to the full board he raised for the first time his objection to the confirmation test being performed on the same machine which performed the original test, in violation of Miss.Code Ann. § 71-7-l(a) (Rev.1995) which reads:
(a) “Confirmation test” means a drug and alcohol test on a specimen to substantiate the results of a prior drug and alcohol test on the specimen. The confirmation test must use an alternate method of equal or greater sensitivity than that used in the previous drug and alcohol test.
¶ 12. The full board affirmed the hearing officer’s decision. Gooden appealed to the circuit court where he again argued that the MDOC did not have reasonable suspicion to require Gooden to take a drug test. Gooden also raised the issue about problems with the confirmation test performed on the specimen.
¶ 13. The circuit court issued its order reversing the termination, stating specifically:
An employee may require all employees to submit to reasonable suspicion drug *786 and alcohol testing. However, the re-buttable presumption that the employer had reasonable suspicion to test for drugs was not met here because there was no confirmation test performed within the meaning of Section 71-7-l(a). Although there were two machines in the lab, only one machine was used to test two different specimen samples. The second test was not of an alternate method. Thus, the action of the employer was in violation of Gooden’s statutory rights.
¶ 14. The MDOC argues that it is clear from the circuit judge’s statements that she based her decision on the confirmation test argument which was not part of the EAB hearing record and therefore the circuit court’s decision can not stand. Since Gooden did not object to the introduction of the specimen results at trial the MDOC argues he is therefore procedurally barred from raising it on appeal. The MDOC cites to a similar case, Mississippi Board of Nursing v. Belk, 481 So.2d 826 (Miss.1985), which we find dispositive.
¶ 15. Eunice Belk was a nurse that was found guilty of professional misconduct by the Mississippi Board of Nursing. Belk, 481 So.2d at 828. Belk appealed to the Chancery Court of Marion County, which reversed the Board’s decision and reinstated Belk’s license to practice as a nurse anesthetist. Id. at 827. During Belk’s initial hearing before the Board, she failed to object to the introduction of uncertified, unauthenticated copies of the rules and regulations the Board would have had an opportunity at that time to correct. Id. at 829. The inadequate documentation of the Board’s rules and regulations were exactly why the chancellor reversed the Board. Id. The Mississippi Supreme Court found that Belk could not raise matters at the appeal level which were not objected to during the administrative hearing. Id. Since she did not object at the hearing held by the Board, she was precluded from raising these issues on appeal. Id. at 829-30.
¶ 16. Also, Miss.Code Ann. § 25-9-132(2) (Rev.1999) states:
The scope of review of the circuit court in such cases shall be limited to a review of the record made before the employee appeals board or hearing officer to determine if the action of the employer appeals board is unlawful for the reason that it was:
(a) Not supported by any substantial evidence;
(b) Arbitrary or capricious; or
(c) In violation of some statutory or constitutional right of the employee.
¶ 17. Based upon Belk and the above quoted statute we find the circuit court improperly considered these matters which were outside the record of the June 18, 1996 EAB hearing. We therefore reverse the Circuit Court of Sunflower County.
II.
WHETHER THE DECISION OF THE EMPLOYEE APPEALS BOARD IS UNLAWFUL FOR THE REASON THAT IT WAS: A) NOT SUPPORTED BY ANY SUBSTANTIAL EVIDENCE; B) ARBITRARY AND CAPRICIOUS; OR C) IN VIOLATION OF SOME STATUTORY OR CONSTITUTIONAL RIGHT OF THE APPELLEE?
¶ 18. The MDOC maintains that the decision of the EAB was supported by substantial evidence and not arbitrary and capricious and should have been affirmed.
¶ 19. The standard of review for this Court “of an administrative agency’s findings and decisions is well established.” Routt v. Mississippi Employ. Sec. Comm’n, 753 So.2d 486 (¶ 5) (Miss.Ct.App.1999) (quoting Allen v. Mississippi Employ. Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994)). “An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to *787 the agency, or 4) violates one’s constitutional rights.” Id. “[T]his Court must not reweigh the facts of the case or insert its judgment for that of the agency.” Id.
¶ 20. The record reflects that Parker interviewed Gooden regarding the possibility that he had reported to work under the influence of drugs and at first Gooden admitted to Parker that he had smoked crack cocaine approximately two weeks before the interview date, then later admitted to smoking crack cocaine that very day. Douglas, the case manager at the Alcohol and Drug unit at Parchman, testified that Gooden also admitted to her that he had smoked crack cocaine that morning. At the EAB hearing, Gooden admitted he had smoked crack cocaine in January. He also testified that he could not remember how many times he had smoked crack cocaine in January and February.
¶ 21. Gooden was a correctional officer and his duty was to provide security for many inmates that were incarcerated for possessing or selling drugs. However, he admitted to Parker and Douglas that he had been smoking crack cocaine in January 1996 and again admitted this in the hearing on June 18, 1996. Based on the foregoing, and on our limited appellate review, the holding of the EAB was based on substantial evidence and was neither arbitrary or capricious. We reverse the ruling of the circuit court and reinstate the decision of the EAB.
¶ 22. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, AND PAYNE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. MYERS, J., NOT PARTICIPATING.